# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## INFORMAL RESPONSE BRIEF OF RESPONDENT/APPELLEE

**Case Number:** 22-1015

**Short Case Caption:** Juan Roman v. United States

**Respondent/Appellee:** Juan Roman

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 30 pages. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Are you aware of any related cases currently or previously before this court?
☐ Yes ☑ No

If yes, identify the title and number of each case.

2. Do you believe this court has jurisdiction in this case? ☑ Yes ☐ No
If no, why not?

RECEIVED
APR 19 2022
United States Court of Appeals
For The Federal Circuit

3. What are your arguments in response to the petitioner/appellant?

Collins v. U.S., 532 F.2d 1344, 1349 (Ct Cl. 1076), supports the CFC's Opinion. Relying on the Property Settlement Agreement (PSA), IRS Agent Suescun put Roman under duress to pay his ex-wife's taxes by preparing an Installment Agreement under Roman ex-wife's name, which under protest Roman refused to sign, yet in compliance to it, he paid $50,002.48 and argued then, on administrative review, and in his Refund Suit, argued that money was improperly taxed under IRS Sec. 121. (Jur. established under 1346).

4. Are there other arguments you wish to make? ☑ Yes ☐ No
If yes, please state them.

The CFC's decision was not sua sponte, but is based on liberal construction of the facts presented, pro-se, by Roman. Further, the Government knew that under the standard, uncontested facts would be considered as true by the CFC, yet did not contest Roman's assertion that under IRS Sec. 121 the $150,000 he paid his ex-wife was not taxable income. This and the other factual findings of the CFC were raised by Roman but ignored by the Government in its dispositive motion are therefore waived on appeal.

5. What action do you want this court to take in this case?

This Court should affirm the CFC's judgment and direct the Government to refund the $50,002.48 to Roman forthwith.

Date: 02/05/2022

Signature: / s/ Juan Roman

Name: Juan Roman #05601-104

U.S. FEDERAL CIRCUIT
Wash: D.C.

R Wayne Johnson CAUSE NO:

VS

Judge Mereidith) #21-8317)

MANDAMUS: VOID ORDER: LACK JURISDICTION: 28 USC 1651: COX: 149 F.3D 1360:): (38 USC 7261(a)-(2)): See VOID order):

1) "Jurisdiction SUA SPONTE: HENDERSON: 131 S.Ct 1197 - OBLigated TO ENSURE Jurisdiction: Steel 99 S.Ct 1003-1016 ("NO merits w/out deciding Jurisdiction" ARBAugh, 126 S.Ct 1235): Emp. Tx: 306 F. Supp. 3d 961 (LAcked Art 3 - DISMISSed):

RECEIVED
APR 19 2022
United States Court of Appeals
For The Federal Circuit

I declare all TRUE 28 USC 1746

282256

I committ state crime 37.11

R Wayne Johnson
3 Jester Road
Richmond, TX 77406

*(LACK JURISDICTION)! TX LAWS CONTROLL → (ATTACHED)

38 USC 5113 - "crime" committed After Oct 8, 1980

(Oct 7, 1977 min)

*Designated for electronic publication only*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 21-8317

R. WAYNE JOHNSON, PETITIONER,

v.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

(PRO-Se A crime; 37.11 ATTAched)

Before MEREDITH, *Judge*.

**ORDER**

*Note: Pursuant to U.S. Vet. App. R. 30(a), this action may not be cited as precedent.*

On December 30, 2021, the pro se petitioner, R. Wayne Johnson, filed with the Court a petition for extraordinary relief in the form of a writ of mandamus.[1] Petition (Pet.) at 1. The petitioner included numerous citations of law, asserts that VA has withheld one-half of his compensation based on a 10% disability rating, and requests that the Court order VA to cease withholding the other one-half of his disability payment. Pet. at 5. He also asserts that the provisions of 38 C.F.R. § 3.665, which require VA to withhold all but 10% of the payments to which certain incarcerated veterans would otherwise be entitled, or one-half of 10% for veterans rated less than 20%, do not apply to him because he committed the crime leading to his incarceration in 1977. Pet. at 2-3, 5-6. Finally, he appears to assert that VA breached its duty to assist and that VA is obligated to represent him. Pet. at 3.

This Court has the authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360, 1363-64 (Fed. Cir. 1998). This includes writs of mandamus to "compel action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. § 7261(a)(2); *see Martin v. O'Rourke*, 891 F.3d 1338, 1343 (Fed. Cir. 2018). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Accordingly, three conditions must be met before a court may issue a writ: (1) The petitioner must lack adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for an appeal; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and

[1] After the petitioner filed a declaration of financial hardship, the petition was submitted to the undersigned on February 18, 2022.

(Judge can Be Sued Mireles 112 S Ct 286)

(3) the Court must be convinced, given the circumstances, that issuance of the writ is warranted. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

Pursuant to Rule 21(a) of the Court's Rules of Practice and Procedure (Rules), a petition for an extraordinary writ must, among other things,

> (1) state the precise relief sought; (2) state the facts necessary to understand the issues presented by the petition; (3) state the reasons why the Court should grant the petition, including why the petitioner has a clear and indisputable right to the writ and why there are inadequate alternative means to obtain the relief sought; [and] (4) include an appendix containing copies of any order or decision or any other documents necessary to understand and support the petition.

U.S. VET. APP. R. 21(a).

ALL (LACK JURISDICTION)

Here, the Court first notes that the petitioner's argument regarding the application of 38 C.F.R. § 3.665 was the subject of previous petitions dismissed by the Court in April and May 2017, and in November 2020. *See Johnson v. Shulkin*, No. 16-3854 (U.S. Vet. App. Apr. 17, 2017) (order), *denied per curiam*, No. 2017-2019 (Fed. Cir. July 20, 2017) (order); *Johnson v. Shulkin*, No. 17-0443, 2017 WL 1739776 (U.S. Vet. App. May 4, 2017) (order); *Johnson v. Wilkie*, No. 20-6575, 2020 WL 6703903 (U.S. Vet. App. Nov. 16, 2020) (order), *dismissed sub nom. Johnson v. McDonough*, No. 2021-1685 (Fed. Cir. May 14, 2021) (order). The petitioner does not offer any explanation for why the Court should revisit this specific issue. Thus, it will not be readdressed.

Regarding the petitioner's other allegations, he has not stated the facts necessary to understand the issues presented by the petition or included copies of any order or decision or any other documents necessary to understand and support the petition, nor has he supported his request for relief with arguments showing his entitlement to that relief in compliance with Rule 21(a). *See Cheney*, 542 U.S. at 380-81. Therefore, the Court will dismiss the petition without prejudice to refile. Any future petition should comply with the Court's Rules and contain information and documentation necessary for the Court to understand the issues presented and to support entitlement to the relief sought.

On consideration of the foregoing, it is

ORDERED that the petitioner's December 30, 2021, petition for extraordinary relief in the form of a writ of mandamus is DISMISSED without prejudice.

DATED: March 1, 2022

BY THE COURT:

AMANDA L. MEREDITH
Judge

8) UNAUTH: PRACTICE LAW DEFINED: 81.101 G
CODE: (LEGISLATURE): "ANY SERVICES RENDE
ED OUT OF COURT: REQUIRING USE OF LEGAL S
ILLS: KNOWLEDGE: INCLUDING ADVICE:" NOLO
PRESS: 991 S.W. 2d 768 (Tx Sup. Ct.): -771..

9) U.S. DISTR: CT: (AUSTIN) CAUSE: A-08-846: (JU
YEAKLE): "PRISON OFFICALS INSTRUCTED TO RE
ANY REQUEST FROM OTHERS TO ENSURE JOHNSON
DOES NOT ACT AS AN ATTY: TO PREPARE ANY LE
PAPERS!"

10): 13TH. CT APPEALS: (CORPUS CRISTI) #13-14-3
"DOCUMENTS PREPARED BY JOHNSON: A NULLITY-
NO LICENSES: 81.051 GOVT. CODE):

11) TDCJ GRIEV: #2012-037-245: "PER U.S
D.C. WESTERN: YOU SHALL NOT BE ALLOWED TO
ACT AS ATTY TO ASSIST OTHERS: TO PREPA
ANY LEGAL PAPERS! VICK: BORROW: 2012"):

"EXCEEDS: STATUTORY: JURISDICTION" (VOI
IN RE: 273 S.W. 3d 37 (Tx.): "BEYOND STATUTOR
AUTHORITY:"): (PRO: SE "ABSENT STATUTORY AUTHOR
81.051: LICENSED BY TX. SUP. CT.")

R Wayne Johnson

(TX LAWS CONTROL)

R. WAYNE JOHNSON, A.K.A. "LEGAL EAGLE" Plaintiff.

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, DC 20543-0001

ARTICLE 4, CLAUSE 1 - U.S. CONSTITION

FULL FAITH AND CREDIT the federal constitutional requirement that the public ... records and judicial proceedings of one state be respected by each of the other states. Thus, if a judgment is conclusive in the state where it was pronounced, it is equally beyond dispute everywhere in the courts of the United States. The judgment is entitled to full faith and credit when the second court's inquiry discloses that the same questions were properly brought ... first court and were fully and fairly litigated and finally decided there...

GAMBLE: 139 S. CT. 1960-1985: "CONSTITUTION OUTRANKS OTHER SOURCES:" ARTICLE 6; CL: 3 "ALL JUDICIAL OFFICERS; CONGRESS; EXECUTIVES: STATE LEGISLATURES!"

(OATHS)

MONTANA, 116 S. CT. 2013-2033: "WE ARE BOUND BY STATES HIGHEST COURT INTERPRETATION OWN LAWS
HO... 236: "OUR DECISIONS ARE BIND...
H...: 524 U.S. ... 557:
LATTER: 532 U.S. ...

*TX: SUPREME COURT: (UNAUTH: PRACTICE LAW COM...
261 S. W. 3d 24: "LAY PERSONS EXCLUDED FROM PRACTICE OF LAW: 81051 GOV. CODE: "LICENSED BY TX: SUP: COURT:"

42 U.S.C. 14141: "IT IS UNLAWFUL FOR ANY GOVNMENTAL AGENCY TO CONDUCT ANY PATTERN OF ILLEGAL ACTS THAT DEPRIVES ANY PERSON OF A RIGHT GUARANTEE BY THE CONSTITUTION!"

(The "Judiciary" invades the province of the Legislature by suspending 81.051 Gov. Code: To allow Un-Licensed Pro-Se (Article 2. Section 1 - Tx Constitution: (Article 1, Section 28 Tx. Constitution: "Only the Legislature can suspend a Statute:"):

8) Pro-Se: Crime: 37.11 "Impersonate Public Servant: (2) Without Legal Authority:" 3D Degree Felony:": (1.07 Penal Code: (41) - (D): "Attys are Public Servants:"

9) In Re Bennett: 960 S.W. 2d 35 (Tx): "Bad-Faith use of Judicial Process: (Judge Bell: 894 S.W. 2d 119 - "Sanctions: 33.033 Gov. Code: Judicial Ethics: 6:10 (St. Bar Disciplinary Rule: 5.05(b) "Shall not assist non-Bar members":):

*(LACK JURISDICTION)*

(BEYOND STATUTE)

1) CASNER: 943 S.W. 2d 937 (SAME) (J.P. NOT LISTED IN 22.221 (b) GOV. CODE): (VOID)

2): ROSSER: 902 S.W. 2d 962 (TX) "VOID: Beyond statute: Best Buy, 395 S.W. 3d 847-67 (Castro, 998 S.W. 2d 935 (VOID; 157.163 FAM. CODE VIOLATED): MARTIN 273 18 S.W. 3d 844: (VOID; VIOLATED 410.258 (f): LABOR CODE):

(TX LAWS CONTROLL)

(Art 4, Cl: 1 U.S. Const: "Full Faith Credit: "Judicial Proceedings other states SHALL Be given Credit" (attached)

LACK Jurisdiction

"UN-Licensed PRO Se)

"TOM FOOLERY JURISDICTION"

1) 81.051 Gov. Code: "Licensed by Tx Sup. Ct.:"

2) Crump: 330 S.W. 3D 211-30 (TX): "Jurisdiction is derived from statutes:" Patrick: 86 S.W. 30.592 (TX): "No jurisdiction beyond (or absent) Statutory Authority:"

(NOTE: 81.051 Gov. Code: Prohibits Un-Licensed (Pro-Se) Legal work 67 Tx. Jur. 3D Statutes: Sect.116):

3) Phillips: 109 S.W. 3D 562: "Persons excluded from a Statute (Excludes): Tantamounts express exclusion of all others:" (Expressio Unius Est Exclusio Alterus"): Expression of One Thing is the Exclusion of Another:):

4) Hettler: 110 S.W. 3D 152: "We lack jurisdiction when not listed in a statute:" (McGee: 213 S.W. 3D 405): Casner: 943 S.W. 2d 937 (same): Carson: 12 S. W. 3d 886 (same):

5) Un-Authorized Practice of Law: 261 S.W. 3D 24 (Tx) "Lay Persons excluded from Practice of Law:"

6) Crain: 22 S.W. 3D 58-61: "Pro-Se Lien is Void: 81.101 Gov. Code: Un-Authorized Practice of Law"

(SEPARATION OF POWERS)

7) Rick Perry: 483 S.W. 3D 884 (Crim: Appl's) "Any attempt by one dep't of Government to interfere with the powers assigned to others is null and void:"

April 14, 2022

Juan Roman # 03601-104
FMC Butner
P.O. Box 1600
Butner, NC 27509

Re: Roman v. U.S.
Case# 22-1015

Dear Clerk,

In response to your letter dated 4/11/22, Please find for filing another Copy of my Informal Response Brief in the appeal Captioned above.

I sent this document back on February 7, 2022, but it apparently was not delivered to the Court. I Assume that Government Counsel received A Copy sent to her on that same date and that this document will be electronically forwarded. However, another Copy was mailed on the new date denoted on the attached Certificate of Service.

Your Assistance is greatly appreciated.

Sincerely,

Juan Roman

(3) the Court must be convinced, given the circumstances, that issuance of the writ is warranted. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

Pursuant to Rule 21(a) of the Court's Rules of Practice and Procedure (Rules), a petition for an extraordinary writ must, among other things,

> (1) state the precise relief sought; (2) state the facts necessary to understand the issues presented by the petition; (3) state the reasons why the Court should grant the petition, including why the petitioner has a clear and indisputable right to the writ and why there are inadequate alternative means to obtain the relief sought; [and] (4) include an appendix containing copies of any order or decision or any other documents necessary to understand and support the petition.

U.S. VET. APP. R. 21(a).

ALL
LACK JURISDICTION

Here, the Court first notes that the petitioner's argument regarding the application of 38 C.F.R. § 3.665 was the subject of previous petitions dismissed by the Court in April and May 2017, and in November 2020. *See Johnson v. Shulkin*, No. 16-3854 (U.S. Vet. App. Apr. 17, 2017) (order), *denied per curiam*, No. 2017-2019 (Fed. Cir. July 20, 2017) (order); *Johnson v. Shulkin*, No. 17-0443, 2017 WL 1739776 (U.S. Vet. App. May 4, 2017) (order); *Johnson v. Wilkie*, No. 20-6575, 2020 WL 6703903 (U.S. Vet. App. Nov. 16, 2020) (order), *dismissed sub nom. Johnson v. McDonough*, No. 2021-1685 (Fed. Cir. May 14, 2021) (order). The petitioner does not offer any explanation for why the Court should revisit this specific issue. Thus, it will not be readdressed.

Regarding the petitioner's other allegations, he has not stated the facts necessary to understand the issues presented by the petition or included copies of any order or decision or any other documents necessary to understand and support the petition, nor has he supported his request for relief with arguments showing his entitlement to that relief in compliance with Rule 21(a). *See Cheney*, 542 U.S. at 380-81. Therefore, the Court will dismiss the petition without prejudice to refile. Any future petition should comply with the Court's Rules and contain information and documentation necessary for the Court to understand the issues presented and to support entitlement to the relief sought.

On consideration of the foregoing, it is

ORDERED that the petitioner's December 30, 2021, petition for extraordinary relief in the form of a writ of mandamus is DISMISSED without prejudice.

DATED: March 1, 2022

BY THE COURT:

AMANDA L. MEREDITH
Judge

*(LACK JURISDICTION): TX LAWS CONTROLL → (ATTACHED)

*Designated for electronic publication only*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 21-8317

R. WAYNE JOHNSON, PETITIONER,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

(PRO-SE A crime; 37.11) ATTACHED

38 USC 5113 - "crime" Committed After Oct 8, 1980

(Oct 21, 1977 mine)

Before MEREDITH, *Judge*.

**ORDER**

*Note: Pursuant to U.S. Vet. App. R. 30(a), this action may not be cited as precedent.*

On December 30, 2021, the pro se petitioner, R. Wayne Johnson, filed with the Court a petition for extraordinary relief in the form of a writ of mandamus.[1] Petition (Pet.) at 1. The petitioner included numerous citations of law, asserts that VA has withheld one-half of his compensation based on a 10% disability rating, and requests that the Court order VA to cease withholding the other one-half of his disability payment. Pet. at 5. He also asserts that the provisions of 38 C.F.R. § 3.665, which require VA to withhold all but 10% of the payments to which certain incarcerated veterans would otherwise be entitled, or one-half of 10% for veterans rated less than 20%, do not apply to him because he committed the crime leading to his incarceration in 1977. Pet. at 2-3, 5-6. Finally, he appears to assert that VA breached its duty to assist and that VA is obligated to represent him. Pet. at 3.

This Court has the authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360, 1363-64 (Fed. Cir. 1998). This includes writs of mandamus to "compel action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. § 7261(a)(2); *see Martin v. O'Rourke*, 891 F.3d 1338, 1343 (Fed. Cir. 2018). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Accordingly, three conditions must be met before a court may issue a writ: (1) The petitioner must lack adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for an appeal; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and

---

[1] After the petitioner filed a declaration of financial hardship, the petition was submitted to the undersigned on February 18, 2022.

(Judge can Be Sued Mireles) 112 S Ct 286)

I declare all TRUE 28 USC 1746

282256

R Wayne Johnson
3 Jester Road
Richmond, TX 77406

I committ
state crime
37.11

U.S. FEDERAL CIRCUIT
Wash: D.C.

R Wayne Johnson
VS
Judge Mereidith) #21-8317)

Cause No.: ______

MANDAMUS: VOID ORDER: LACK JURISDICTION: 28 USC 1651: COX: 149 F.3D 1360:): (38 USC 7261(a)-(2)): See VOID order):

1) "Jurisdiction SUA SPONTE: HENDERSON: 131 S.Ct 1197 - OBLigated TO ENSURE Jurisdiction: Steel 99 S. Ct 1003-1016 ("NO merits w/out deciding Jurisdiction" ARBAugh, 126 S. Ct 1235): Emp. Tx: 306 F. Supp. 3d 901 (LACKed Art 3 - DISMISSed):

RECEIVED
APR 19 2022
United States Court of Appeals
For The Federal Circuit

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 22-1015

**Short Case Caption** Roman v. United States

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 02/06/2022

by ☑ U.S. Mail ☐ Hand Delivery ☐ Email ☐ Facsimile
☐ Other: ______________________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Bethany B. Hauser | Assistant US Attorney/P.O.Box 502/Washington, DC 20044 |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: 02/07/2022

4/14/22 - 2nd Copy

Signature: /S/ Juan Roman

Name: Juan Roman 05601-104

JUAN ROMAN #05601-104
FMC BUTNER / P.O. BOX 1600
BUTNER, N.C. 27509




LEGAL MAIL

FEDERL CIRCUIT COURT OF APPEALS
OFFICE OF THE CLERK
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

20439-