# No. 22-1015

**IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

**JUAN ROMAN,**

**Plaintiff-Appellee**

**v.**

**UNITED STATES,**

**Defendant-Appellant**

---

**ON APPEAL FROM THE JUDGMENT OF THE UNITED STATES COURT OF FEDERAL CLAIMS No. 20-40 T; SENIOR JUDGE BOHDAN A. FUTEY**

---

## REPLY BRIEF FOR THE UNITED STATES

---

**DAVID A. HUBBERT**
***Deputy Assistant Attorney General***

**JOAN I. OPPENHEIMER** (202) 514-2954
**BETHANY B. HAUSER** (202) 514-2830
***Attorneys***
***Tax Division***
***Department of Justice***
***Post Office Box 502***
***Washington, D.C. 20044***

**April 29, 2022**

# TABLE OF CONTENTS

**Page**

Table of contents ........................................ i
Table of authorities ........................................ ii
Glossary ........................................ iii
Argument:

A. The United States did not place Roman "under duress" when it permitted him to honor the terms of his agreement with his ex-wife ........................................ 1

B. Roman was not entitled to judgment on the merits before the United States filed an answer ........................................ 4

Conclusion ........................................ 7
Certificate of service ........................................ 8
Certificate of compliance ........................................ 9

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Ater v. United States*,
6 Cl. Ct. 344 (1984) .......... 5
*Collins v. United States*,
532 F.2d 1344 (Ct. Cl. 1976) .......... 2-3
*United States v. Williams*,
514 U.S. 527 (1995) .......... 2

**Miscellaneous:**

10A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure*, § 2702, Default Judgment Against the United States (4th ed. 2022) .......... 5

Court of Federal Claims Rules Committee Notes, Rule 55, 2002 Revision .......... 5

Fed. R. Civ. P.:

Rule 12(a)(4)(A) .......... 4, 6
Rule 55(d) .......... 5

RCFC:

Rule 12(a)(4)(A) .......... 4, 6
Rule 55(b)(2) .......... 5

## GLOSSARY

| *Acronym* | *Definition* |
|---|---|
| CFC | Court of Federal Claims |
| IRS | Internal Revenue Service |

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

---

**No. 22-1015**

**JUAN ROMAN,**

**Plaintiff-Appellee**

**v.**

**UNITED STATES,**

**Defendant-Appellant**

---

**ON APPEAL FROM THE JUDGMENT OF THE
UNITED STATES COURT OF FEDERAL CLAIMS
No. 20-40 T; SENIOR JUDGE BOHDAN H. FUTEY**

---

# REPLY BRIEF FOR THE UNITED STATES

---

This reply brief is directed only toward those contentions in the answering brief that warrant further response. In all other respects, we rely upon our opening brief.

## ARGUMENT

### A. The United States did not place Roman "under duress" when it permitted him to honor the terms of his agreement with his ex-wife

As we stated in our opening brief, the legal issue presented in this appeal is straightforward: may a person who voluntarily paid a tax

assessed against someone else sue for a refund? In general, the answer is no. (*See* Op. Br. 19-22.)[1] In his answering brief, Roman does not argue otherwise. Instead, he contends (A. Br. 2) that the general rule does not apply to him because the IRS "put [him] under duress."

As noted in our opening brief (pp. 26-27), under the Court of Claims' opinion in *Collins v. United States*, 532 F.2d 1344 (Ct. Cl. 1976), upon which Roman relies (A. Br. 2), a third party may sue for a refund after paying the taxes of another if "the opposite party" (*i.e.*, the federal Government) subjected the third party to "coercive acts . . . of such a nature that they are sufficient to overpower the free will of the plaintiff." *Id.* at 1349. *See also United States v. Williams*, 514 U.S. 527, 540 (1995) (noting that Williams paid under "duress of a lien").

Roman contends (A. Br. 2) that an IRS employee "put [him] under duress to pay his ex-wife's taxes by preparing an Installment Agreement under Roman's ex-wife's name, which under protest Roman refused to sign, yet in compliance to it, he paid $50,002.48." A contract

---

[1] "Op. Br." references are to the opening brief filed by the Government on January 24, 2022. "A. Br." references are to the answering brief filed by Roman on April 22, 2022. "Appx" references are to the separately bound record appendix.

not made out in Roman's name and not signed by him (A. Br. 2, *and see* Appx74) had no legal power to coerce payment from him.

To be sure, Roman was legally obliged to pay his ex-wife's taxes, but not by any action of the federal Government or its agents. *Cf. Collins*, 532 F.2d at 1349 (to give rise to an implied contract, the coercive acts must be performed by "the opposite party"). Instead, as part of their divorce, Roman "freely and voluntarily" agreed to pay those taxes "in exchange for" a portion of his ex-wife's interest in their marital home. (Appx64, 88.) (*See* Op. Br. 28.) It was that agreement, enforceable in Florida state courts (Appx69), that placed Roman under a legal obligation to pay his ex-wife's tax liability. The obligation was to his ex-wife (Appx66), not to the federal Government. The legal advice to pay the tax came first from Roman's own attorney; according to Roman's own story, the IRS employee to whom he spoke merely repeated his own attorney's advice. (Appx27.)

On these facts, the Government did not subject Roman to any "coercive act." The IRS merely received checks written by Roman and processed them as he directed. The case thus does not fall within the rule of *Collins*, that the behavior of a Government agent might, in some

circumstances, give rise to an implied-in-fact contract between the Government and the plaintiff.

### B. Roman was not entitled to judgment on the merits before the United States filed an answer

We also argued in our opening brief that even assuming the CFC had jurisdiction to adjudicate Roman's ex-wife's tax liability in a case to which she was not a party, the court "erred in *sua sponte* granting the requested refund after denying the Government's motion to dismiss for lack of jurisdiction." (Op. Br. 38.) Roman argues (A. Br. 2) that the CFC did not act *sua sponte*. Instead, he suggests that it is standard practice for the CFC to enter judgment on the merits when denying a motion to dismiss a *pro se* complaint for lack of jurisdiction, even in cases, like this one, where the result is the award of a judgment against the United States before the Government files an answer, and in the absence of a motion for summary judgment from either party.

That is not usual practice in the CFC. To the contrary, the Federal Rules of Civil Procedure and the CFC's rules anticipate that, after the denial of a motion to dismiss for lack of jurisdiction, the movant will file a responsive pleading. RCFC 12(a)(4)(A); Fed. R. Civ. P. 12(a)(4)(A). Moreover, a default judgment in the CFC is available

"only if the claimant establishes a claim or right to relief by evidence that satisfies the court." RCFC 55(b)(2). In its current form, this rule dates to 2002; before that, the protection "prohibiting entry of default judgments absent a showing by the claimant of a right to relief by evidence satisfactory to the court" was afforded only to the United States. Court of Federal Claims Rules Committee Notes, Rule 55, 2002 Revision. *See Ater v. United States*, 6 Cl. Ct. 344, 347 (1984) ("In substantially all of the cases where a default judgment has been sought against the United States . . ., the courts have steadfastly required private litigants to establish their *prima facie* case before granting a judgment by default.") (collecting cases). *Cf.* Fed. R. Civ. P. 55(d) (a "default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court").

Roman argues (A. Br. 2) that he is entitled to a default judgment because the Government did not contest the merits of his claims about his ex-wife's tax liability in its motion to dismiss for lack of jurisdiction (which he calls a "dispositive motion"). But courts are loath to enter default against the Government even as a sanction. *See* 10A C. Wright,

A. Miller and M. Kane, *Federal Practice and Procedure*, § 2702, Default Judgment Against the United States (4th ed. 2022). Counsel for the United States here did not engage in sanctionable conduct, but merely relied on the usual rule that if the motion to dismiss for lack of jurisdiction is denied, the defendant will be afforded the opportunity to address the merits of the complaint in an answer. RCFC 12(a)(4)(A); Fed. R. Civ. P. 12(a)(4)(A). Therefore, even if the CFC had jurisdiction to adjudicate Roman's ex-wife's tax liability on the merits, it erred in entering judgment for Roman before the United States answered his complaint.

## CONCLUSION

The CFC's judgment should be reversed, and the complaint should be dismissed for lack of jurisdiction. In the alternative, the judgment ordering the Government to pay a refund to Roman should be vacated, and the case should be remanded for further proceedings.

Respectfully submitted,

DAVID A. HUBBERT
*Deputy Assistant Attorney General*

/s/ Bethany B. Hauser

JOAN I. OPPENHEIMER (202) 514-2954
BETHANY B. HAUSER (202) 514-2830
*Attorneys*
*Tax Division*
*Department of Justice*
*Post Office Box 502*
*Washington, D.C. 20044*

April 29, 2022

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 22-1015

**Short Case Caption** Roman v. United States

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 04/29/2022

by ☑ U.S. Mail ☐ Hand Delivery ☐ Email ☐ Facsimile
☐ Other: ________________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Juan Roman | #05601-104, Federal Medical Center<br>P.O. Box 1600, Butner, NC 27509 |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: 04/29/2022

Signature: /s/ Bethany B. Hauser

Name: Bethany B. Hauser

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 22-1015

**Short Case Caption:** Roman v. US

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- [x] the filing has been prepared using a proportionally-spaced typeface and includes 1,181 words.
- [ ] the filing has been prepared using a monospaced typeface and includes ________ lines of text.
- [ ] the filing contains ________ pages / ________ words / ________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ________).

Date: 04/29/2022

Signature: /s/ Bethany B. Hauser

Name: Bethany B. Hauser



Save for Filing