# United States Court of Appeals for the Federal Circuit

---

**JUAN ROMAN,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES,**
*Defendant-Appellant*

---

2022-1015

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00040-BAF, Senior Judge Bohdan A. Futey.

---

Decided: March 9, 2023

---

JUAN ROMAN, Butner, NC, pro se.

BETHANY HAUSER, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellant. Also represented by DAVID A. HUBBERT, JOAN I. OPPENHEIMER.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

Hughes, *Circuit Judge*.

This is a tax refund case. Pro se Plaintiff-Appellee Juan Roman sued the government in the United States Court of

Federal Claims alleging, among other things, that he was entitled to a refund on taxes that he paid but that were assessed against his ex-wife. Before the government filed its Answer, the Court of Federal Claims denied the government's motion to dismiss Mr. Roman's third-party refund claim, granted the government's motion to dismiss Mr. Roman's other claims, and entered judgment in the amount of $50,002.04 in Mr. Roman's favor. For the reasons provided below, we vacate the trial court's judgment as it pertains to Mr. Roman's third-party refund claim and remand for further proceedings consistent with this opinion.

## I

### A

Mr. Roman and his ex-wife, Iris Gabriela Espinosa, entered into a property settlement agreement in 2009 as part of their divorce. In exchange for $150,000 from Mr. Roman, Ms. Espinosa transferred to him her interest in the home that they shared. In an amendment to the agreement, Mr. Roman agreed to pay any taxes assessed on Ms. Espinosa for her receipt of the $150,000. Ms. Espinosa reported the $150,000 payment on her tax return as income for the 2010 tax year. The IRS then assessed $50,002.04 in taxes and penalties and mailed Ms. Espinosa a notice of intent to take possession of her property, including the previously shared home, if the assessment was not satisfied.

Mr. Roman and Ms. Espinosa met with an IRS officer to discuss the matter. Mr. Roman asked if the notice to Ms. Espinosa indicated that the IRS had already placed a lien on his home. Mr. Roman explained that Ms. Espinosa no longer had any ownership rights in the previously shared home. While the lien had apparently not been placed, the IRS officer consulted with a supervisor and told Mr. Roman that Ms. Espinosa's tax liability must be paid to stop a levy against Mr. Roman's home. Mr. Roman claims that he believed that he "ha[d] no realistic alternative to payment of a tax that he did not owe." J.A. 19–20 (Complaint at 2–3).

The IRS officer also told Mr. Roman that he could appeal the assessment once the tax was fully paid.

The IRS officer prepared an installment agreement for paying the tax liability that listed Ms. Espinosa as the taxpayer, identifying Mr. Roman's checking account and financial institution. Although Mr. Roman did not agree to sign the installment agreement, Mr. Roman made an initial large payment towards the amount due on his ex-wife's account and then began sending monthly payments to the IRS in accordance with the installment agreement. The $50,002.04 tax obligation was satisfied on March 8, 2017. Mr. Roman asserts that he paid the tax under protest.

B

On January 13, 2020, Mr. Roman filed a refund suit in the Court of Federal Claims.[1] Mr. Roman argued that the IRS wrongfully assessed the income tax on the $150,000 transfer because 26 U.S.C. § 121(a) provides for an exclusion from gross income of gain for certain sales of a principal residence. He argued that his payment to Ms. Espinosa qualified for exclusion under 26 U.S.C. § 121; thus, no taxes were legitimately owed on the $150,000 sum, and he was entitled to a refund of his $50,002.04 payment.

Mr. Roman asserted that he had standing to contest Ms. Espinosa's tax liability in the Court of Federal Claims under two theories. First, he argued he could bring a third-party refund claim under 28 U.S.C. § 1346(a)(1), relying on

---

[1] Mr. Roman also brought a personal refund claim and various claims for wrongful collection, tort, criminal misconduct, and due process violations. The Court of Federal Claims dismissed Mr. Roman's personal refund claim and various other claims for damages. *Roman v. United States*, No. 20-40 T at J.A. 13 (Aug. 2, 2021) (unreported) (available at J.A. 2–13). Mr. Roman does not contest the Court of Federal Claims rulings in this respect.

the Supreme Court's discussion of the meaning of the term taxpayer in *United States v. Williams*, 514 U.S. 527 (1995). Second, Mr. Roman contended that, even if he were not deemed a taxpayer, he had a cause of action under the implied contract clause of the Tucker Act because he paid Ms. Espinosa's taxes under duress. *See* 28 U.S.C. § 1491(a)(1).

The government moved to dismiss Mr. Roman's third-party refund claim for lack of subject matter jurisdiction. The government argued that Mr. Roman was not in the class of persons who could bring an action under § 1346(a)(1) because 26 U.S.C. § 6511 requires that the claimant in such case be the "taxpayer." Citing Court of Claims and Court of Federal Claims case law, the government contended that Ms. Espinosa alone was the "taxpayer" who could file a refund suit for the $50,002.04 because she was the person against whom the tax was assessed. The government also argued that the *Williams* decision could not support Mr. Roman's position because it had been superseded by statute.

The Court of Federal Claims denied the government's motion as to Mr. Roman's third-party tax refund claim. The court determined that it had jurisdiction under § 1346(a)(1) over Mr. Roman's third-party refund claim as an action for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected based on his claim that the income tax was not legally owed under 26 U.S.C. § 121. *See Roman v. United States*, No. 20-40 T, at J.A. 9–10 (Aug. 2, 2021) (unreported) (available at J.A. 2–13) [*Decision*]. According to the trial court, Mr. Roman was a "taxpayer." *Id.* The court noted that the government did not address the merits of Mr. Roman's claim that the $150,000 was not taxable income under 26 U.S.C. § 121. *Id.* The court then found that all of Mr. Roman's payments to the IRS were documented in the record and granted Mr. Roman's third-party refund claim in the amount of $50,002.04. *Id.* at J.A. 13.

The government appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II

Resolution of this appeal rests on two issues. First, we must decide whether Mr. Roman was a "taxpayer" as required by 26 U.S.C. § 6511(a). For the reasons explained below, we hold that he is not and that the Court of Federal Claims lacked jurisdiction to hear Mr. Roman's third-party refund claim under § 1346(a)(1). We then turn to whether Mr. Roman has nevertheless pled an implied contract claim under 28 U.S.C. § 1491(a)(1). We hold that he has.

We review de novo the Court of Federal Claims' grant or denial of a motion to dismiss for lack of subject matter jurisdiction, and we accept well-pleaded factual allegations as true. *Inter-Tribal Council of Ariz., Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020). Findings of fact relating to jurisdictional issues are reviewed for clear error. *Banks v. United States*, 314 F.3d 1304, 1307–08 (Fed. Cir. 2003). Mr. Roman, as the plaintiff, bears the burden of establishing jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

We give pro se plaintiffs more latitude in their pleadings than a party represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and we may search the complaint and record "to see if plaintiff has a cause of action somewhere displayed," *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Such leniency, however, does not relieve a plaintiff of jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

A

We first address whether the Court of Federal Claims erred in holding that it had jurisdiction over Mr. Roman's third-party tax refund claim under § 1346(a)(1).

The government argues that the trial court lacked jurisdiction because one who pays the tax liability of another, as Mr. Roman did for Ms. Espinosa, is not a "taxpayer." We agree.

Section 1346(a)(1) provides that:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of [] [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

Section 6511(a) provides that a "[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return **shall be filed by the taxpayer** . . . ." (emphasis added). And 26 U.S.C. § 7701(a)(14) defines a taxpayer as "any person subject to any internal revenue tax." In short, § 1346(a)(1) gives the Court of Federal Claims jurisdiction to hear tax refund cases; § 6511(a) requires that the claimants in such cases be the taxpayer; and § 7701 defines who is the taxpayer.

Generally, we are bound by statutory interpretations of our predecessor court, the Court of Claims. *S. Corp. v. United States*, 690 F.2d 1368, 1369 (Fed. Cir. 1982) (en banc). In the context of refund claims, the Court of Claims has construed the term "taxpayer" in a "strict or narrow sense . . . [to] mean[] a person who pays, overpays, or is subject to pay **his own** personal income tax." *Econ. Plumbing & Heating Co. v. United States*, 470 F.2d 585, 590 n.3 (Ct. Cl. 1972) (emphasis added). Similarly, in *Collins v. United States*, the Court of Claims held that "[i]n order to maintain an action for the refund of taxes . . . , the plaintiff

must be the taxpayer who has overpaid **his own** taxes." 532 F.2d 1344, 1347 n.2 (Ct. Cl. 1976) (emphasis added). In other words, to be a "taxpayer" for refund purposes, a party must be the one against whom the tax liability was assessed.

The Court of Federal Claims here cited *Economy Plumbing* and *Collins*, yet still found Mr. Roman to be a taxpayer even though the tax was assessed against Ms. Espinosa. The trial court appears to base this conclusion on a distinction between a tax that is overpaid versus one that is not actually due. The court stated:

> However, there were no claims that the amounts paid [in *Economy Plumbing* and *Collins*] were not actually due from the assessed taxpayers in either of those cases. For this reason, the Court concluded that "the plaintiff, a nontaxpayer, [had to] establish independent jurisdictional grounds for his action." [*Collins*, 532 F.2d at 1347 n.2.] Here, Plaintiff *does* claim that the amount paid was not actually due; that is his basis for requesting a refund, not overpayment. Therefore, Plaintiff is in the category of taxpayer.

*Decision* at J.A. 9–10. While it is true that both *Economy Plumbing* and *Collins* considered plaintiffs who overpaid taxes owed by another, that fact does not support the trial court's conclusion. There is simply nothing in either case to suggest that this is a distinction with a difference. The two cases simply stand for the proposition that a party seeking a refund must be the one against whom the tax liability was assessed. Indeed, that understanding accords with the language of § 7701, which limits taxpayers to the person "subject to any internal revenue tax."

Nor does the Supreme Court's decision in *United States v. Williams,* 514 U.S. 527 (1995), provide a jurisdictional basis for Roman's third-party refund suit. In *Williams*, the Supreme Court allowed a woman to challenge a lien on her

property by means of a refund suit under 28 U.S.C. § 1346(a)(1) even though it resulted from an assessment only against her ex-husband, making her a third party. *See id.* at 529. In *EC Term of Years Trust v. United States*, however, the Court emphasized the limitations of *Williams*, noting that its holding "that § 1346(a)(1) authorizes a tax-refund claim by a third party whose property was subjected to an allegedly wrongful tax lien" was based "on the specific understanding that no other remedy . . . was open to the plaintiff in that case." 550 U.S. 429, 434–35 (2007).

Congress, however, has since provided such a remedy. The IRS Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3106, 112 Stat. 685, added I.R.C. §§ 6325(b)(4) and 7426(a)(4). Section 6325(b)(4)(A) allows a third-party owner whose property is subject to a lien to obtain a certificate of discharge after either depositing cash or furnishing a bond sufficient to protect the lien interest of the United States. Section 7426(a)(4) then provides a judicial remedy to "bring a civil action against the United States in a district court of the United States for a determination of whether the value of the interest of the United States (if any) in such property is less than the value determined by the Secretary." Section 7426(a)(4) also provides that "[n]o other action may be brought by such person for such a determination." That § 7426(a)(4) provides that it is the *exclusive* remedy for a third-party property owner to dispute the propriety of the lien is further evidence that Mr. Roman is not a "taxpayer" for purposes of § 1346(a)(1).

Our sister circuits have also interpreted *Williams* narrowly. *E.g.*, *JetPay Corp. v. U. S. Internal Revenue Serv.*, 26 F.4th 239, 244 (5th Cir. 2022) ("[Section] 7426 is now the only avenue for third party actions." (citation and quotation mark omitted)); *First Am. Title Ins. Co. v. United States*, 520 F.3d 1051, 1053 (9th Cir. 2008) ("*EC Term of Years Trust v. United States* narrows the permissible interpretation of *Williams* and there can no longer be a good argument for allowing a third-party challenge to an

assessment, barred by § 7426, to be made under § 1346." (footnote omitted)).

In short, Mr. Roman was not a "taxpayer" as required by 28 U.S.C. § 1346(a)(1) because he was not the person against whom the tax liability was assessed. The tax here was assessed against Ms. Espinosa, not Mr. Roman. Consequently, the trial court lacked jurisdiction to hear Mr. Roman's third-party refund claim and the trial court's judgment in Mr. Roman's favor is vacated.

B

Next, we turn to whether Mr. Roman's complaint pleads a contractual claim over which the trial court has jurisdiction under 28 U.S.C. § 1491(a)(1). The government recognizes that our precedent establishes that "a party who pays a tax for which he is not liable may sue to recover that tax if it was paid under duress because the duress creates an 'implied in fact contract.'" Appellant's Br. 26 (citing *Collins*, 532 F.2d at 1347; 28 U.S.C. § 1491(a)(1)). This jurisdiction comes from the Tucker Act, which confers on the Court of Federal Claims jurisdiction to hear contractual claims against the government, including implied-in-fact contracts. *Kirkendall v. United States*, 31 F. Supp. 766, 769 (Ct. Cl. 1940); *see also* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any . . . implied contract with the United States . . . ."); *DaCosta v. United States*, 393 F. App'x 712, 714 (Fed. Cir. 2010) (nonprecedential) (explaining that an implied contract is "a fiction of law where a promise is imputed to perform a legal duty, as to repay money obtained by fraud or duress" (internal quotation marks omitted) (quoting *Hercules Inc. v. United States* , 516 U.S. 417, 424 (1996))).

Duress is a fact-specific inquiry; it requires (1) involuntary acceptance, with (2) no alternative, and (3) coercive acts by the government. *Collins*, 532 F.2d at 1348. Whether

a plaintiff has established duress "depend[s] upon the circumstances of each individual case." *Fruhauf Sw. Garment Co. v. United States*, 111 F. Supp. 945, 951 (Ct. Cl. 1953); *see also Document Mgmt. Grp., Inc. v. United States*, 11 Cl. Ct. 463, 466 (1987) ("In deciding defendant's motion to dismiss, all of the plaintiff's findings of uncontroverted fact are assumed to be true. These findings include plaintiff's assertion of involuntariness and duress." (citation omitted)); 28 WILLISTON ON CONTRACTS § 71:5 (4th ed.) ("Whether the evidence is sufficient to establish any one of the elements of duress is generally a question of fact.").

Mr. Roman argues that the IRS agent's action "put Roman under duress to pay his ex-wife's taxes." Appellee's Br. 2. Supporting that argument are factual allegations that (1) Roman paid the tax "in protest," suggesting involuntary acceptance, J.A. 27–28; (2) Roman advocated for his position to the IRS agent, who told him that he nonetheless had to pay, suggesting no alternative; and (3) the IRS threatened to levy his home, suggesting a coercive act. We intimate no view on the merits of Mr. Roman's claims of duress, nor do we decide what bearing Mr. Roman's promise to his ex-wife would have on the inquiry. We only hold that these factual allegations are sufficient to support a claim of an implied contract and survive a motion to dismiss. In light of that conclusion, we remand to the trial court for further proceedings on Mr. Roman's implied contract claim.

## III

For the foregoing reasons, the judgment in favor of Mr. Roman's third-party refund claim under 28 U.S.C. § 1346(a)(1) is vacated, and the case is remanded for further proceedings on Mr. Roman's implied contract claim.

## VACATED AND REMANDED

COSTS

No costs.